# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ARMAS-RAMIREZ,<br><br>                      Petitioner,<br>  vs.<br>ANTHONY CERONE, Field Office Director Enforcement, et.al.,<br><br>                     Respondents. | CASE NO. 07cv555 WQH (JMA)<br><br>**ORDER** |

Hayes, Judge:

    The matter before the Court is the Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 filed by Carlos Armas-Ramirez. (Doc. # 1.)

## BACKGROUND

    On March 23, 2007, Petitioner filed the Petition, asserting that he has been held in detention without bond by the Department of Homeland Security since May 4, 2004. Petitioner states in his Petition that he is proceeding pro se "because petitioner can't afford to pay a five thousand dollar fee his attorney . . . is asking for this Habeas Corpus." (Doc. # 1 at 2.)

    On May 16, 2007, this Court issued an Order to Show Cause, which states, in part:

> Respondents are ORDERED TO SHOW CAUSE no later than June 18, 2007 why the petition should not be granted by: filing a written return; filing copies of all documents, orders and transcripts relevant to the petition; and filing a

      memorandum of law and fact fully stating Respondents' position and making a recommendation regarding the need for an evidentiary hearing on the petition.

(May 16, 2007 Order to Show Cause, Doc. # 4, at 2.)

      On June 15, 2007, Respondents filed "Government's Return to Petition for Writ of Habeas Corpus" ("Return") which states, in full:

      Petitioner Armas complains that he is being detained without bond pending his removal proceedings, which were recently reopened and remanded to the Immigration Judge. On June 14, 2007, the Department of Homeland Security set bond in the amount of $5000. [See attached exhibit.] Therefore, this case should be dismissed as moot.

(Doc. # 5.) The exhibit attached to the Return is a document signed by Respondent Anthony Cerone, Assistant Field Office Director for U.S. Immigration and Customs Enforcement setting Petitioner's bond at $5,000. This document contains no reasons for the decision or facts regarding Petitioner's case.

      On June 25, 2007, Petitioner filed a "Return in Answer to Government to Petition for Writ of Habeas Corpus" ("Traverse"), which states, in part:

      Honorable Court, Petitioner respectfully requests[s] this court gives an ultimate decision, on the merits of Petitioner's Writ of Habeas Corpus, the DHS sought initial opposition to Petitioner'[s] Writ, however, DHS' Assistant Field Office Director has offered a release set bond in the amount of $5000. . . . In response, Petitioner ask[s] this Court to have an individualized bond hearing before a neutral judge, to have a bond reduction or to be release[d] on its own recognizance; due to the fact that Petitioner is indigent and he has been in custody of DHS for over three years.

(Doc. # 7.)

## DISCUSSION

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 may only be extended to a person who "is in custody under or by color of the authority of the United States." 28 U.S.C. § 2241. "Habeas corpus jurisdiction has been extended beyond that which the most literal reading of the statute might require to individuals who, though not subject to immediate physical imprisonment, are subject to restraints not shared by the public generally that significantly confine and restrain their freedom. Thus, federal courts have exercised habeas corpus jurisdiction over a state prisoner released on parole, a convict released on his own recognizance pending execution of his sentence, an individual sentenced to attend an alcohol

1  rehabilitation program for fourteen hours, and an individual who, though not in physical
2  custody, was subject to a final order of deportation." *Miranda v. Reno*, 238 F.3d 1156,
3  1158-59 (9th Cir. 2001) (quotations and citations omitted).

4      Despite the fact that bond has been set in Petitioner's case, he is still "in custody" within
5  the meaning of the 28 U.S.C. § 2241, and therefore is entitled to maintain this action.
6  Moreover, as demonstrated by Petitioner's Traverse, he has not received all of the relief he has
7  requested.  Therefore, his case is not moot.

8      No later than twenty days from the date this Order is filed, Respondents shall file an
9  amended Return which complies with the Court's May 16, 2007 Order to Show Cause
10 requiring Respondents to show cause "why the petition should not be granted by: filing a
11 written return; filing copies of all documents, orders and transcripts relevant to the petition;
12 and filing a memorandum of law and fact fully stating Respondents' position and making a
13 recommendation regarding the need for an evidentiary hearing on the petition." (May 16, 2007
14 Order to Show Cause, Doc. # 4, at 2.)  If Petitioner wishes to reply to the amended Return, he
15 may do so by way of a traverse filed no later than twenty days after the date Respondents file
16 the amended Return.

17     Additionally, Respondents shall allow Petitioner review of his bond determination
18 pursuant to 8 C.F.R. § 1003.19.

19     No later than twenty days from the date this Order is filed, Respondents shall file a
20 status report in this case.  This case will remain open pending further order of this Court.
21 DATED:  July 13, 2007

22                                             *William Q. Hayes*
                                    **WILLIAM Q. HAYES**
23                                     United States District Judge

24
25
26
27
28