1
2
3
4
5
6
7
8

9            **UNITED STATES DISTRICT COURT**

10          **SOUTHERN DISTRICT OF CALIFORNIA**

11

12   CARLOS ARMAS-RAMIREZ,                    CASE NO. 07cv555 WQH (JMA)

13                          Petitioner,        **ORDER DISMISSING**
                                               **PETITION WITHOUT**
14          vs.                                **PREJUDICE**

     ANTHONY CERONE, Field Office
15   Director Enforcement, et.al.,

16                         Respondents.

17

18   HAYES, Judge:

19          The matter before the Court is the Petition for Writ of Habeas Corpus ("Petition")

20   pursuant to 28 U.S.C. § 2241 filed by Carlos Armas-Ramirez ("Petitioner").  (Doc. # 1.)

21   **I.      Background**

22          On March 23, 2007, Petitioner filed the Petition, asserting that he has been illegally held

23   in detention without bond by the Department of Homeland Security ("DHS") since May 4,

24   2004.  (Doc. # 1.)

25          On May 16, 2007, this Court issued an Order to Show Cause, which states, in part:

26          Respondents are ORDERED TO SHOW CAUSE no later than June 18, 2007
             why the petition should not be granted by: filing a written return; filing copies
27          of all documents, orders and transcripts relevant to the petition; and filing a
             memorandum of law and fact fully stating Respondents' position and making a
28          recommendation regarding the need for an evidentiary hearing on the petition.

1   (May 16, 2007 Order to Show Cause, Doc. # 4, at 2.)

2        On June 15, 2007, Respondents filed "Government's Return to Petition for Writ of

3   Habeas Corpus" ("Return") which states, in full:

4        Petitioner Armas complains that he is being detained without bond pending his
       removal proceedings, which were recently reopened and remanded to the
5        Immigration Judge.  On June 14, 2007, the Department of Homeland Security
       set bond in the amount of $5000.  [See attached exhibit.]  Therefore, this case
6        should be dismissed as moot.

7   (Doc. # 5.)  The exhibit attached to the Return is a document signed by Respondent Anthony

8   Cerone, Assistant Field Office Director for U.S. Immigration and Customs Enforcement setting

9   Petitioner's bond at $5,000.

10        On June 25, 2007, Petitioner filed a "Return in Answer to Government to Petition for

11   Writ of Habeas Corpus" ("Traverse"), which states, in part: "Petitioner ask[s] this Court to

12   have an individualized bond hearing before a neutral judge, to have a bond reduction or to be

13   release[d] on its own recognizance; due to the fact that Petitioner is indigent and he has been

14   in custody of DHS for over three years."  (Doc. # 7.)

15        On July 13, 2007, this Court issued an Order stating in part:

16        No later than twenty days from the date this Order is filed, Respondents shall
       file an amended Return which complies with the Court's May 16, 2007 Order
17        to Show Cause requiring Respondents to show cause 'why the petition should
       not be granted by: filing a written return; filing copies of all documents, orders
18        and transcripts relevant to the petition; and filing a memorandum of law and fact
       fully stating Respondents' position and making a recommendation regarding the
19        need for an evidentiary hearing on the petition.'  (May 16, 2007 Order to Show
       Cause, Doc. # 4, at 2.)  If Petitioner wishes to reply to the amended Return, he
20        may do so by way of a traverse filed no later than twenty days after the date
       Respondents file the amended Return.
21        Additionally, Respondents shall allow Petitioner review of his bond
       determination pursuant to 8 C.F.R. § 1003.19.
22
       (Doc. # 8, at 3.)
23
            On July 26, 2007, Respondents filed "Government's Supplemental Return to Petition
24
       for Writ of Habeas Corpus," which presented evidence that on June 22, 2007, Petitioner posted
25
       the $5,000 bond and was released from DHS custody.  (Doc. # 9, Ex. 11.)  Respondents also
26
       presented evidence indicating that on April 25, 2007, the Board of Immigration Appeals
27
       remanded Petitioner's removal proceedings to the Immigration Judge for decision.  (*Id.*, Ex.
28
       2.)  Respondents argued that the Petition should be dismissed for lack of jurisdiction and that

1  Petitioner has failed to pursue his administrative remedies which remain available to him to
2  challenge the amount of the bond.

3       On July 31, 2007, the Court's July 13, 2007 Order was returned by the Post Office as
4  undeliverable because Petitioner had not left a forwarding address with the DHS detention
5  facility.  (Doc. # 11.)  Petitioner has not provided the Court with his current address as required
6  by Local Civil Rule 83.11 and has not filed a response to Respondents' Supplemental Return.

7  **II.    Discussion**

8       The record establishes that Petitioner has received a bond hearing, that bond was set,
9  and that Petitioner posted bond and was released.  Under these facts, the sole remaining issue
10 in this case could only be the propriety of the determination by the DHS to set a $5,000 bond.

11      According to the applicable regulations, Petitioner has administrative remedies he may
12 pursue if he is dissatisfied with the "custody determination [by the DHS] . . . including the
13 setting of a bond" and/or the "the terms of his release."  8 C.F.R. § 1236.1(d)(1) (stating that
14 the appeal must be filed within seven days of his release); *see also* 8 C.F.R. § 1236.1(d)(2)
15 ("After expiration of the 7-day period in paragraph (d)(1) of this section, the respondent may
16 request review by the district director of the conditions of his or her release."); 8 C.F.R. §
17 1236.1(d)(3) ("An appeal relating to bond and custody determinations may be filed to the
18 Board of Immigration Appeals in the following circumstances: . . . (ii) The alien, within 10
19 days, may appeal from the district director's decision under paragraph (d)(2)(i) of this
20 section.").

21      The Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust
22 available . . . administrative remedies before seeking relief under § 2241."  *Castro-Cortez v.*
23 *I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001) (citing *U.S. v. Pirro*, 104 F.3d 297, 299 (9th Cir.
24 1997); *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990)), *abrogated on other grounds by*
25 *Fernandez-Vargas v. Gonzales*, --- U.S. ----, 126 S. Ct. 2422 (2006).

26      The record before the Court shows that Petitioner did not pursue his available
27 administrative remedies to contest the bond determination by the DHS and has been released.
28 (Doc. # 9 at 3.)  Petitioner would be required to exhaust his available administrative remedies

07cv555

prior to continuing an action pursuant to § 2241 to challenge his bond determination.  *See*

*Castro-Cortez*, 239 F.3d at 1047.  Accordingly, based upon the record before the Court, this

action is dismissed without prejudice.

**III.    Conclusion**

For the reasons stated above, the Petition is hereby **DISMISSED WITHOUT**

**PREJUDICE**.  The Clerk of the Court shall close this case.

DATED:  August 30, 2007

_William Q. Hayes_
**WILLIAM Q. HAYES**
United States District Judge

- 4 -

07cv555